UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
JIMMY PRESLEY HODGE,           )
                               )
        Plaintiff,             )
                               )
    v.                         )   Civil Action No. 24-1116  (PLF)
                               )
U.S. DEPARTMENT OF JUSTICE, et al., )
                               )
        Defendants.            )
                               )

MEMORANDUM OPINION AND ORDER

On September 30, 2025, the Court issued a Show Cause Order directing the plaintiff, Jimmy Presley Hodge, to show cause in writing by October 30, 2025, why this action should not be dismissed for failure to prosecute. See Order ("OSC") (Dkt. No. 18). That deadline has since elapsed, and Mr. Hodge has failed to respond.

Pursuant to Rule 83.23 of the District of Columbia Local Civil Rules, "[a] dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion." "A [Federal Rule of Civil Procedure] Rule 41(b) dismissal is proper if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." Bomate v. Ford Motor Co., 761 F.2d 713, 714 (D.C. Cir. 1985) (per curiam). "A lengthy period of inactivity may . . . be enough to justify dismissal," at least when "the plaintiff has been previously warned that he must act with more diligence, or if he has failed to obey the rules or court orders[.]" Smith–Bey v. Cripe, 852 F.2d 592, 594 (D.C. Cir. 1988) (quoting 9 C. CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2370, at 205–07 (1971); citing Romandette v. Weetabix Co., Inc.,

807 F.2d 309, 312 (2d Cir. 1986); Cherry v. Brown–Frazier–Whitney, 548 F.2d 965, 969 (D.C. Cir. 1976)).

Indeed, the authority to dismiss suits for failure to prosecute has long been recognized as "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the courts. Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962). Further, "[t]he court's authority to dismiss a case for failure to prosecute or failure to follow the court's orders is not discarded simply because a plaintiff is proceeding pro se." Allen v. United States, 277 F.R.D. 221, 223 (D.D.C. 2011). As here, a pro se plaintiff is afforded some latitude in prosecuting his case, but "such leeway does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure," a court's local rules, or a court's orders. Moore v. Robbins, 24 F. Supp. 3d 88, 97 (D.D.C. 2014) (internal quotation marks omitted) (citing Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987)).

Accordingly, in light of Mr. Hodge's complete inactivity in this matter for now over a year, and given his repeated failures to communicate and cooperate with defendants and this Court, see OSC at 2–3 (chronicling same), dismissal for failure to prosecute is appropriate. Simply put, Mr. Hodge has "not manifested reasonable diligence in pursuing" this matter, see Bomate, 761 F.2d at 714, and he has expressed no interest in prosecuting his claims.

Although Mr. Hodge has clearly failed to pursue this case, the Court is mindful that the sanctions employed must be proportionate to the misconduct, and that less drastic sanctions other than outright dismissal must be considered. See Bonds v. District of Columbia, 93 F.3d 801, 809 (D.C. Cir. 1996), cert. denied, 520 U.S. 1274 (1997). For that reason, the Court will dismiss this matter without prejudice. See James v. Nationstar Mortgage, LLC, 323 F.R.D. 85, 86

(D.D.C. 2017) (citations omitted), appeal dismissed, No. 18-7186, 2019 WL 2419122 (D.C. Cir. Mar. 25, 2019).

For the reasons set forth above, it is ORDERED that the Complaint (Dkt. No. 1) and this matter are dismissed without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 83.23 of the District of Columbia Local Civil Rules. The Court directs the Clerk of Court to close this matter.

This is a final appealable Order. See Rule 4(a) of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: 1/6/26